| | |
|---|---|
| 1 | Dane W. Exnowski, SBN 281996 |
| 2 | McCalla Raymer Leibert Pierce, LLP |
| 3 | 301 E. Ocean Blvd., Suite 1720 |
| 4 | Long Beach, CA 90802 |
|   | Telephone: 562-983-5365 |
| 5 | Fax: 562-983-5365 |
|   | BK.CA@mccalla.com |
| 6 | Attorney for CARRINGTON MORTGAGE SERVICES LLC |

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 25-40126 |
| Free Minds Society, | Chapter 7 |
|  | R.S. No. DWE -362 |
|  | **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ANNULMENT OF THE AUTOMATIC STAY RETROACTIVELY AND UNLAWFUL DETAINER** |
|  | Hearing: |
|  | Date: May 2, 2025 |
|  | Time: 10:00 a.m. |
|  | Place: **courtroom 215/tele-video conference** |
| Debtor. | |

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE TRUSTEE, AND OTHER INTERESTED PARTIES:**

Carrington Mortgage Services LLC ("Movant") hereby files this Memorandum of Points & Authorities in support of its Motion for Annulment of the Automatic Stay Retroactively and Unlawful Detainer (the "Motion") in the above-captioned matter.

///

///

///

///

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR RELIEF FROM STAY

1

5559-N-1549
MemoMfr_CA_V01

Case: 25-40126    Doc# 19-2    Filed: 04/16/25    Entered: 04/16/25 12:35:05    Page 1 of 3

# I. INTRODUCTORY STATEMENT

Movant hereby moves this Court for an Order granting relief and annulment from the automatic stay as follows.

# II. STATEMENT OF FACTS

1. **Case history:** On January 27, 2025, Free Minds Society ("Debtor") filed the instant Chapter 7 voluntary bankruptcy petition as bankruptcy case number 25-40126. On April 9, 2025, the Court entered the Order and Notice of Dismissal for failure to appear at meeting of creditors..

2. **Movant's Unlawful Detainer Action:** Movant is the grantee under a trustee's deed upon sale dated December 28, 2023 with respect to 1875 Ventura Drive, Pittsburg, California 94565 ("Property"). Movant is also the foreclosing beneficiary. The Property was foreclosed upon pursuant to the power of sale contained within a Deed of Trust which was executed by Reno R. Golez, as Trustor, and under which Movant was beneficiary. On or about November 7, 2024, Movant caused to be filed an unlawful detainer action in the Superior Court of California, County of Contra Costa, entitled *Carrington Mortgage Services LLC v. Reno R. Golez; Lorena Avalos; Miguel Sanchez, et al.,* case no. PS24-1336 ("UD Action"). On March 18, 2025, the Court entered the Judgment-Unlawful Detainer. ***See* Exhibit A.**

3. On April 4, 2025, Movant's eviction counsel was reviewing Court filings made by original borrower and defendant in the UD Action Reno Golez and found the instant case referred to in one of the filings. Movant was not provided notice of this case at any time by anyone, whether by Debtor or by original borrower and had no knowledge of this case when it proceeded with its Unlawful Detainer Judgment ("UD") and upon entry thereof.

   A. **Pursuant to 11 U.S.C. § 362(d)(1):** Movant seeks annulment of the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause, to the extent the instant case affected Movant's unlawful detainer judgment following a trustee deed sale to the Movant. Movant's judgment was obtained without any notice of knowledge of the case; Debtor is not a borrower and has no lease on the Property; Debtor's case was dismissed; and Movant submits that relief from stay would have otherwise been appropriate to continue with its UD Judgment. If the stay is not annulled, Movant will have to obtain new judgment which will cause much delay and opportunity for further bankruptcy implication.

**B.     Pursuant to 11 U.S.C. § 362(d)(2)**, Debtor has no equity in the Property as they are not the owner thereof.  Furthermore, due to the case being filed under chapter 7, reorganization is not contemplated and so the Property is not necessary for any effective reorganization.  Accordingly, the Movant is entitled to relief pursuant to 11 U.S.C. § 362(d)(2).

### III. CONCLUSION

Based upon the foregoing grounds and the evidence set forth, the Court should grant Movant's Motion for Relief from the Automatic Stay. In addition, Movant requests that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

Dated: April 16, 2025

Respectfully Submitted,
McCalla Raymer Leibert Pierce, LLP

By: */s/ Dane  Exnowski*
Dane W. Exnowski
Attorney for Movant